# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**RAE LEE RODRIGUEZ**                                                    **PLAINTIFF**

v.                                  No. 3:18-CV-00163-JTR

**NANCY A. BERRYHILL,**
Acting Commissioner,
Social Security Administration                                           **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Rae Lee Rodriguez ("Rodriguez") applied for social security disability benefits with an alleged disability onset date of March 1, 2013. (R. at 288). The administrative law judge ("ALJ") denied her applications after a hearing. (R. at 195). The Appeals Council denied review. (R. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Rodriguez has requested judicial review.

For the reasons stated below, the Court recommends reversing and remanding the Commissioner's decision.

**I.     The Commissioner's Decision:**

The ALJ found that Rodriguez had the severe impairments of degenerative disk disease, arthritis, depression, and anxiety; however, none of those severe impairments met or medically equaled a listing. (R. at 186-187). The ALJ concluded that Rodriguez's impairments left her with the residual functional capacity ("RFC") to perform sedentary work except that she could lift ten pounds; sit for six hours in

an eight-hour workday at one to two hour intervals; stand or walk for no more than two hours in an eight-hour workday at half-hour intervals; perform work, for the most part, in a seated position with the ability to adjust, move about in the seat, and stand as needed; occasionally climb, stoop, kneel, crouch, and crawl; perform limited balancing and not work around unrestricted heights, ladders, or scaffolds and not climb multiple stairs; perform unskilled or semiskilled work; perform work with superficial contact with supervisors, co-workers, and the public, such as meeting and greeting, making change, and giving simple instructions and directions related to the work performed. (R. at 188).

At step four, the ALJ concluded that Rodriguez's RFC allowed her to return to her past relevant work as a billing clerk. (R. at 194). Nevertheless, the ALJ called a vocational expert ("VE"), who testified that Rodriguez's RFC also would allow her to perform other jobs, including as food/beverage order clerk or call out operator. (R. at 195). Thus, the ALJ held that Rodriguez was not disabled. (R. at 195).

## II.  Discussion:

Rodriguez argues that the ALJ: (1) failed to consider whether her impairments met or medically equaled Listing 1.04(a); (2) failed to properly evaluate the severity of her symptoms; (3) erred in his RFC analysis, which reached a determination that was inconsistent with the medical evidence; and (4) failed to resolve an inconsistency between the VE's testimony and the *Dictionary of Occupational Title*.

Finally, Rodriguez makes the unrelated argument that evidence she submitted after the administrative hearing should have been considered by the Appeals Council and warrants reversal. Because the Court concludes that the ALJ failed to consider Listing 1.04(a), it is not necessary to reach Rodriguez's other argument.

Listing 1.04(A) requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." *Id*.

At the hearing, Rodriguez's counsel specifically argued that she met this listing. (R. 283–84). However, in his decision, the ALJ made no mention of Listing 1.04, and, instead, relied on a boilerplate paragraph stating the claimant did not meet a listing. (R. at 187).

The Commissioner argues that this was sufficient because failure to address a specific listing is not error if the record supports the overall conclusion. *Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir. 2003). However, in making that argument, the Commissioner concedes that "Plaintiff can show she sometimes met some of the requirements of Listing 1.04(A)." (*Doc. No. 15*, *4*). At a minimum, this means the medical evidence must be closely examined to determine if the ALJ erred in ignoring any discussion or analysis of whether Rodriguez met Listing 1.04.

The medical evidence clearly establishes that Rodriguez has a spine disorder that compromises a nerve root. A February 2015 CT scan revealed a broad-based herniated disk at L5–S1 on the right side with compression of the thecal sac and compression of the L5 nerve root. (R. at 837). Rodriguez had a microdiscectomy on November 4, 2015. (R. at 952). However, after this surgery, an MRI on October 7, 2016 revealed "a paracentric right recurrent disc protrusion . . . abutting the right S1 and left S1 nerve roots." (R. at 1249). There was also evidence of decreased range of motion in the lumbar spine (R. at 597, 737, 1286), with accompanying muscle weakness (R. at 706, 710, 785, 950, 1039, 1053, 1167); sensory or reflex loss (R. at 596, 706, 1142, 1286); and deficiencies in straight-leg raising tests (R. at 596, 717, 840, 1286).

The Commissioner argues that Rodriguez does not meet the listing because her symptoms wax and wane. However, as both Rodriguez and the Commissioner note, the Listings explain that "[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.00(D). Indeed, Rodriguez's history of surgery and continued treatment for her back pain clearly appear to establish the presence of those symptoms over a substantial period of time.

The ALJ discussed *none* of this medical evidence in reaching his conclusory determination that Rodriguez did not meet "any" listing, even though Rodriguez specifically argued that she met *Listing 1.04*, and the evidence creates a strong possibility that she is right. Accordingly, the ALJ's decision should be reversed and remanded so that a properly supported determination can be made regarding whether Rodriguez meets Listing 1.04. In making that determination, the ALJ should carefully analyze all of the medical evidence relevant to his determination of whether claimant meets Listing 1.04.

### III.  Conclusion:

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. After carefully reviewing the entire record, the Court concludes that it does not contain sufficient evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

IT IS THEREFORE ORDERED that the Commissioner's decision be REVERSED and REMANDED with instructions to fully develop the medical record

and to specifically and fully consider whether Rodriguez meets Listing 1.04, with specific citations to the medical evidence relevant to that determination.

DATED this 4th day of June 2019.

_____
UNITED STATES MAGISTRATE JUDGE